IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:94-CR-21-BO-2
No. 4:12-CV-198-BO

LENWOOD WEBSTER DAVIS a/k/a )
TONY LEE MILLER, )
            Petitioner, )
    v. )          ORDER
)
UNITED STATES OF AMERICA )
            Respondent. )

This cause comes before the Court on petitioner's request that this Court reconsider its denial of petitioner's motion to vacate, set aside, or correct sentence pursuant to § 2255 [DE 99]. In his request, petitioner (Mr. Davis) notes that he failed to cite 28 U.S.C. 2255(f)(3) in his original motion. The Court DENIES petitioner's request for reconsideration.

## BACKGROUND

Petitioner was convicted of possession of cocaine base with intent to distribute and conspiracy to possess cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846 (b)(1)(B) on December 1, 1994. Petitioner was sentenced to two concurrent terms of 420 months' imprisonment. Petitioner appealed, and on January 18, 1996 the Fourth Circuit affirmed by unpublished per curiam opinion. Petitioner filed his first motion to vacate, set aside, or correct on January 8, 2002. On May 23, 2002, that motion was dismissed by this Court as untimely. On August 27, 2012, petitioner filed the instant § 2255 motion. That motion was dismissed by this Court as a second or successive petition on September 4, 2012. [DE 94].

Petitioner now requests that this court reconsider its prior dismissal of his § 2255 motion pursuant to Federal Rule of Civil Procedure 59(e). Petitioner's motion for reconsideration was dated September 5, 2012.

## DISCUSSION

Rule 59(e) provides relief under a very narrow set of circumstances. The Fourth Circuit has stated that a district court has the discretion to grant a Rule 59(e) motion "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.' *Hill v. Braxton,* (4th Cir. 2002)(quoting *Collison v. Int'l Chem. Workers Union,* 34 F.3d 233, 236 (4th Cir. 1994)). Further, Rule 59(e) cannot be used to later raise arguments that could have been made before the contested judgment was issued. *Hill,* 277 F.3d at 708.

Here, petitioner has made a Rule 59(e) motion asserting that he forgot to cite 28 U.S.C. § 2255 (f)(3) as law supporting his argument. Because this argument was available to petitioner before the contested judgment was issued, and because this request does not fall under any of the three circumstances identified by the Fourth Circuit, it is not proper for this Court to grant the instant motion.[1] As such, petitioner's motion for reconsideration pursuant to Rule 59(e) is denied.

---

[1] The Court notes that petitioner's § 2255 motion would fail even if reconsideration were granted. Petitioner's § 2255 motion was untimely, second or successive, and does not make a proper claim for *Simmons* relief. Mr. Davis contends that he should not have been sentenced as a career offender pursuant to *United States v. Simmons,* 649 F.3d 237 (4 th Cir. 2011) (en banc). However, the petitioner's sentence as a career offender was supported by a 1991 Florida conviction for battery, which this Court deemed a "crime of violence." Because *Simmons* concerned a North Carolina conviction under North Carolina's Structured Sentencing Act, courts have been reluctant to grant *Simmons* relief based on convictions handed down in other states. *See Dixon v. United States,* 2012 WL 4592088 (E.D.N.C. October 1, 2012); *Battle* v. *United States,* 2012 WL 1067943 (S.D.W.Va. March 29, 2012).

2

## CONCLUSION

For the reasons discussed above, the petitioner's motion for reconsideration is DENIED.


SO ORDERED, this _____ day of November, 2012.


TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE