IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Criminal No. 4:94-cr-00021-BO-2
Civil No. 4:16-cv-00153-BO

LENWOOD WEBSTER DAVIS,[1]  )
                            )
              Petitioner,   )
                            )
v.                          )         **ORDER**
                            )
UNITED STATES OF AMERICA,   )
                            )
              Respondent.   )

This cause is before the court to address petitioner's motions to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [D.E. 108, 109] and respondent's motion to dismiss [D.E. 133].

Background:

After a jury trial in this court, petitioner was convicted of possession of cocaine base with intent to distribute and conspiracy to possess cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846(b)(1)(B). See [D.E. 53]. On December 1, 1994, the court sentenced petitioner to, among other things, two concurrent terms of 420 months' imprisonment. See J. [D.E. 64]. Petitioner appealed and, on January 18, 1996, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed in an unpublished per curiam opinion. [D.E. 69].

On January 8, 2002, petitioner signed his first motion to vacate, set aside, or correct his sentence pursuant to section 2255, and the motion was filed on February 13, 2002. [D.E. 79]. On May 23, 2002, the court dismissed this section 2255 motion as untimely. [D.E. 83].

On August 17, 2012, petitioner signed another section 2255 motion that was filed on August

---

[1] Petitioner is also known as Tony Lee Miller. See [D.E. 60, 61, 104].

27, 2012. [D.E. 93]. On September 4, 2012, the court dismissed this section 2255 motion without prejudice. [D.E. 94]. The court denied petitioner's motion for reconsideration. [D.E. 100].

Petitioner sought authorization from the Fourth Circuit to file a second or successive section 2255 motion. See [D.E. 101, 102]. On June 20, 2016, the Fourth Circuit granted petitioner this authorization. [D.E . 106] (citing Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson")).[2]

On June 25, 2016, pursuant to the court's Johnson standing order, 15-SO-02, Assistant Federal Public Defender Sherri R. Alspaugh filed a notice of appearance. [D.E. 107]. Petitioner then filed through counsel a section 2255 motion [D.E. 108] and a corrected section 2255 motion [D.E. 109]. On June 28, 2016, the court directed respondent to file an answer. [D.E. 111]. On October 5, 2016, the court stayed the matter pending the Supreme Court's final decision in Beckles v. United States, No. 15-8544. See [D.E. 118].

On May 4, 2017, petitioner moved to appoint new counsel. [D.E. 120]. On June 7, 2017, the Federal Public Defender filed a limited notice of appearance and notified the court of the substitution of Assistant Federal Public Defender Suzanne Little as counsel. See [D.E. 122].

On June 21, 2017, the court allowed the parties to file briefs addressing the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017) ("Beckles").[3] [D.E. 126]. Respondent filed a response in opposition to the section 2255 motion. [D.E. 127]. Petitioner moved to lift the stay [D.E. 128]. On July 26, 2017, the court lifted the stay [D.E. 129], and petitioner filed a memorandum in support of his section 2255 motion [D.E. 130].

---

[2] In Johnson, the Supreme Court held the "residual clause" of the Armed Career Criminal Act (ACCA)–defining a "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)–was unconstitutionally vague. See Johnson, 135 S. Ct. at 2557.

[3] In Beckles, the Supreme Court held the "residual clause" of §4B1.2 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") is not unconstitutionally vague pursuant to Johnson. See Beckles, 137 S.Ct. at 895.

2

On August 29, 2017, petitioner moved to stay the proceedings pending an anticipated en banc review in United States v. Brown, 868 F.3d 297 (4th Cir. 2017) ("Brown"). See [D.E. 131]. The court granted the motion to stay. [D.E. 132]. The Fourth Circuit subsequently denied en banc review in Brown. See United States v. Brown, 891 F.3d 115 (4th Cir. 2018).

On March 26, 2018, respondent moved both to lift the stay and to dismiss petitioner's section 2255 motion. [D.E. 133]. The court lifted the stay. [D.E. 135]. On April 4, 2018, petitioner moved for a stay pending resolution of the petition for writ of certiorari filed in Brown. [D.E. 136]. The court granted the motion to stay. [D.E. 137]. On October 15, 2018, the Supreme Court denied certiorari in Brown. See Brown v. United States, 139 S. Ct. 14 (2018). On November 5, 2018, petitioner's counsel moved to withdraw and provided petitioner's notice of intent to proceed pro se. See [D.E. 139]. The court granted the motion to withdraw. [D.E. 140].

## Discussion:

Petitioner argues that, after Johnson, his prior Florida convictions for aggravated assault and battery of a law enforcement officer do not qualify as "crimes of violence" under U.S.S.G. §4B1.2. Thus, petitioner contends, he no longer is a "career offender," his sentence was improperly enhanced, and re-sentencing is required. See Pet. [D.E. 108, 109]; see also Pet'r's Mem. [D.E. 125] at 3, 7–8.

Respondent argues that, pursuant to the Fourth Circuit's decision in Brown, petitioner's section 2255 motion is untimely. See [D.E. 134] at 2. The court agrees.

A section 2255 motion must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final, (2) the date on which an impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4)

3

the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(l)-(4).

Although petitioner argues his motion is timely under section 2255(f)(3) because it was filed within one year after Johnson, the Fourth Circuit has found otherwise. See Brown, 868 F.3d at 299, 303 (holding that, because the Supreme Court has not recognized that Johnson applies to the "crime of violence" provisions for career offender status under the Guidelines, the one-year period under 2255(f)(3) was not triggered for such claims).

Here, as in Brown, because the Supreme Court has not recognized the right upon which petitioner seeks to rely, section 2255(f)(3) likewise was not triggered. Moreover, petitioner does not argue, nor does the record reflect, that his motion is timely under section 2255(f)(1), (2), or (4). Accordingly, because petitioner's instant section 2255 motion was not filed within one year of any triggering event, the court grants respondent's motion to dismiss the action as untimely.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court will deny a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## Conclusion:

For the reasons discussed above, the court: GRANTS respondent's motion to dismiss [D.E. 133]; DISMISSES petitioner's section 2255 motion [D.E. 108, 109]; DENIES AS MOOT petitioner's motion to appoint new counsel [D.E. 120]; and DENIES a Certificate of Appealability.

SO ORDERED. This _18_ day of January 2019.

Terrence Boyle
TERRENCE W. BOYLE
Chief United States District Judge

4